**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | No. 11-16275 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-01560-SRB |
| v. | MEMORANDUM* |
| RADICAL BUNNY LLC; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted October 16, 2012
San Francisco, California

Before: WALLACE and BEA, Circuit Judges, and RESTANI, Judge.**

Defendants-Appellants Tom Hirsch, Berta Walder, Howard Walder, and

Harish P. Shah appeal from the district court's summary judgment in favor of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

Securities and Exchange Commission ("SEC"), and denial of Appellants' cross-motion for summary judgment. Appellants were officers (called "Member Managers") in Radical Bunny, LLC ("Radical Bunny"). Between January 2006 and June 2008, Appellants raised more than $189,500,000.00 from investors and used that money to make loans to another company called Mortgages Limited. Mortgages Limited was in turn to make loans to developers and real estate buyers, who were to secure the repayment of the loans by deeds of trust on the land the borrowers developed or bought. The investors in Radical Bunny were to be named as beneficiaries of such deeds of trust. Appellants challenge the district court's determination that they were selling "securities" or "notes," and the district court's determination that they acted with the requisite scienter to constitute fraud when Appellants told investors their loans would be secured by Deeds of Trust or Mortgages, even though the loans were not so secured. Appellants also challenge the district court's determination that they acted with the requisite scienter when they failed to disclose to investors that Radical Bunny may have been violating securities law.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's summary judgment *de novo*, *see Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219–20 (9th Cir. 1998), and we affirm.

2

**1.** Appellants failed to raise a triable issue of material fact as to whether the investments were securities, and therefore the district court correctly held that the SEC was entitled to summary judgment as to whether the Directions to Purchase were "securities" for purposes of the Securities Act of 1933 under the test set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946). The statute defines a "security" as including any "note," "investment contract," or "instrument commonly known as a 'security.'" 15 U.S.C. §§ 77b(a)(1), 78c(a)(10). The undisputed facts show that Appellants sent each investor between January 2006 and June 2008 a document entitled "Direction to Purchase," which constituted the investor's contract with Appellants. The investments made pursuant to the Directions to Purchase were in a common enterprise (the purchase of loans from Mortgages Limited), and all profits were to come from the Appellants' efforts. Appellants promised the investors a profit of 11% interest annually on their investment. The 11% annual payments were not measured by, nor paid from, the amount of profit made by Mortgages Limited, but were to be paid by Radical Bunny. The offering was widely disseminated, leading to 900 separate accounts in 20 states. A reasonable investor would have viewed the offering as involving an initial investment of money with the expectation of profit. Investors did not exercise any control over the loans; only Appellants had the authority to manage

3

the investments. Finally, no regulatory scheme reduced the risk inherent in these investments.

**2.** The district court also correctly granted summary judgment in favor of the SEC in holding that the defendants committed fraud by "misrepresent[ing] their knowledge as to whether the Radical Bunny investments were subject to governing securities laws." The undisputed facts show that Radical Bunny was on notice that it was potentially violating securities law, and that it did not disclose that fact to investors. These facts are sufficient to establish scienter as a matter of law. Appellants argue they were told only that they *might* be selling a security without a license in violation of the law. This point is irrelevant, because even knowing that they might be violating securities law was material information they should have told their investors.[1] In response to the SEC's motion for summary judgment, Appellants produced no evidence that they had a good faith belief they were

---

[1] Additionally, neither Harish P. Shah nor Howard Walder properly raise the issue whether their knowledge was only that the investment might be a "security." Although Shah and H. Walder argued that they lacked the requisite scienter as to the issue whether the securities were backed by collateral in their Reply Brief, they made no argument as to whether the record shows that they had the requisite scienter that the sale of the investments constituted a sale of "securities," and was therefore a securities law violation, in either their Opening or Reply Briefs. Thus, the argument is waived. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

complying with the securities laws, nor did they produce any opinion by a qualified expert witness to that effect. Because the Appellants have failed to raise a genuine issue of material fact on this point, we affirm the district court's grant of summary judgment.

**3.** The district court also correctly held that the SEC was entitled to summary judgment on its claim that Appellants engaged in fraud in the offer or sale of securities when they told their investors the loans to Radical Bunny would be secured by collateral in the form of deeds of trust given by the eventual borrowers from Mortgages Limited. *See* 15 U.S.C. § 77q(a); 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5. The undisputed facts in this case demonstrate that each Appellant either knew or was "reckless in not knowing," *Ponce v. SEC,* 345 F.3d 722, 729 (9th Cir. 2003), that these securities were not backed by the collateral they had promised their investors, and therefore acted with the requisite scienter for fraud.

Accordingly, because Appellants failed to raise a triable issue of material fact as to any of their claims, and because the SEC proved it was entitled to summary judgment, the district court's judgment is

**AFFIRMED.**